**UNITED STATES of America, Appellee,**

v.

**Jack McNATT, Defendant, Appellant.**

**No. 87–1449.**

United States Court of Appeals, First Circuit.

Heard Dec. 11, 1987.

Decided March 29, 1988.

Joseph Balliro with whom Juliane Balliro and Balliro, Mondano & Balliro, Boston, Mass., were on brief, for defendant, appellant.

Gary C. Crossen, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

The facts of this case are reported in *United States v. McNatt*, 637 F.Supp. 882 (D.Mass.1986) and under the same name in 813 F.2d 499 (1st Cir.1987). We will therefore merely outline the facts relevant to this appeal.

Appellant McNatt was indicted together with Arcangelo DiFronzo on charges of conspiracy and bank larceny; DiFronzo was charged with receipt of stolen bank property and McNatt with aiding and abetting said offense. Both defendants were tried together, after the court denied McNatt's motion to sever.

At trial, the court conditionally admitted statements by DiFronzo and by a government informant as allowed by *United States v. Ciampaglia*, 628 F.2d 632, 638 (1st Cir.1980). After both sides rested, the court found that the government had failed to prove sufficiently that McNatt formed part of the alleged conspiracy, and carefully instructed the jury to disregard those statements as against McNatt. The court also entered judgment of acquittal for McNatt on the conspiracy count.

The jury found DiFronzo guilty of the three counts. The jury acquitted McNatt on the larceny count and convicted him of aiding and abetting DiFronzo in the receipt of stolen bank property. The court then granted McNatt's motion for judgment of acquittal on the aid and abet count. The court based its decision on the government's failure to put forth sufficient evidence linking McNatt's misdeeds with DiFronzo's receipt of stolen property.

We disagreed. *United States v. McNatt*, 813 F.2d 499 (1st Cir.1987). We reviewed the evidence and concluded that the government presented sufficient evidence

for a rational trier of fact to find beyond a reasonable doubt that McNatt knowingly associated himself with DiFronzo's check-counterfeiting and forgery scheme or sought by his actions to make the scheme succeed.

Appellant now would have us reverse, first for the court's failure to order a mistrial sua sponte. Secondly, appellant contends the trial court erred in denying the motion to sever. We will discuss these issues in the same order.

## I. *Mistrial*

█ We begin by noting that appellant did not move for mistrial. Our review is therefore limited to the search for plain error, *United States v. Dukes*, 727 F.2d 34, 40 (2d Cir.1984), namely, the determination of whether the proceedings below amounted to a miscarriage of justice.

The district court decided that the government had failed to show by a preponderance of the evidence that McNatt formed part of a conspiracy. The court, cognizant of the limited effect of a cautionary instruction, charged the jury as follows:

And at the outset I must announce to you an important legal ruling that I have made in the case as it relates to evidence. You are bound to follow it. I have ruled legally that the tapes that you heard throughout the case, and I'm holding up the transcripts, now, I have very much in mind the transcript aren't evidence, only the tapes are the evidence, but I want to embody it in your mind so you can see something as I speak to you, those transcripts, what they say, I have ruled as matter of law may be considered by you but only with respect to the charges against Mr. DiFronzo and not in any way, shape or form with respect to the charges against Mr. McNatt. With respect to the charges against Mr. McNatt, you may only consider such other evidence as exists in the case apart from the tape recordings. That evidence you may consider only against Mr. DiFronzo and not against Mr. McNatt.

Now, you must follow my ruling, but you must do something else. Don't bother yourself with why I made it. Don't say, try to say, well, that must mean he thinks this or it must mean that. That's not your function. I do it as matter of law. As matter of law you are to have all the evidence that it is proper for you to have, and as to this evidence it is proper for you to have it, but your consideration of it is limited to Mr. DiFronzo, at least the charges against Mr. DiFronzo, and not to anything having to do with Mr. McNatt. Do not speculate as to why that's so. I teach you that as matter of law.

Tr. 12: 92–93. The court could not have been more careful in avoiding by means of an instruction the dangers of prejudicial spillover. Furthermore, counsel for appellant raised no objection to the judge's decision to give the instruction.

█ The danger of prejudicial spillover is great when coconspirator statements are deemed inadmissible after being presented before the jury. The facts of this case provide strong support for the proposition that such danger did not materialize. First, as a threshold matter, the jury had sufficient independent evidence to convict McNatt of aiding and abetting. 813 F.2d 499, 502–03. More importantly, the fact that the jury acquitted McNatt of the larceny count while convicting DiFronzo of the same charge presents an almost insurmountable barrier to the argument that any remedy short of mistrial would amount to a miscarriage of justice. The fact that the jury distinguished between different charges and different defendants is strong evidence that the jury actually followed the instruction. There is no doubt that the instruction was enough to protect McNatt from the jury's exposure to the statements inadmissible as against him.

The court's admirable candor in admitting that perhaps it ought to have ordered a mistrial[1] should not have been under-

---

1. The judge below said, in his opinion:

It is perhaps helpful to note that the *Ciampaglia* rule, involving the timing of the [*United*

stood as an indication of the existence of a line of appeal. The court's careful instruction to the jury was a wise choice in the delicate disjunctive of ordering mistrial or instructing the jury after making a *Ciampaglia* ruling of non-admissibility. The government persuasively points out that appellant's counsel made a tactical choice in not moving for mistrial. Absent a clear showing of plain error, appellant is bound by that choice.

## II.  *Severance*

■  Appellant's sole explanation of the basis for this appeal from the court's pretrial determination not to sever is as follows: "The government offered certain evidence of other crimes, wrongs, and bad acts of his co-defendant DiFronzo pursuant to Rule 404(b) of the Federal Rules of Evidence." Appellant's Brief at 17. There is no further description of the crimes presented or of their connection to McNatt's acts. Absent more substantiation, we can find no merit in the argument.

Judgment *affirmed.*

*States v.*] *Petrozziello* [548 F.2d 20 (1st Cir. 1977)] rulings, works very well where the government manages to make out a conspiracy upon the independent evidence before the court. That is, admitting the evidence conditionally against each of the alleged conspirators avoids the judge's having to make repeated and perhaps confusing limitations upon the receipt of evidence as it is presented to the jury. The trial proceeds smoothly without unnecessary interruption or judicial injections. Where, as here, the court fails to find that a conspiracy has been made out by a fair preponderance of the evidence, however, the non-conspirator who may be indicted on other substantive crimes faces an extraordinary dilemma. In retrospect, perhaps I ought have declared a mistrial at this point since it seems virtually impossible for a jury to disregard the great bulk of the evidence which focused on the plot to cash a multi-million dollar check. No party asked for a mistrial, however, and the Court declined to grant one absent a manifest necessity. At this juncture, perhaps what is required is a new trial on the ground of juror confusion rather than a judgment of acquittal. It is an extremely close question. However, due to the considerations discussed above, this Court concludes that a judgment of acquittal is the better course in these circumstances.
637 F.Supp. 882, 885 n. 2.